UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARON LOUIS FLYNN,

Plaintiff,

v.

RON NEAL, MARTHAKIS,

Defendants.

CAUSE NO. 3:26-CV-77-JD-APR

OPINION AND ORDER

Aaron Louis Flynn, a prisoner without a lawyer, filed a complaint alleging he is being denied constitutionally adequate medical treatment. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Flynn alleges he has "extreme swelling and pain in and on [his] right testicle." ECF 1 at 2. He alleges his condition has worsened over the last three years, and Dr. Marthakis has done nothing more than taken x-rays and prescribed Tylenol. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from

accepted professional judgment, practice, or standards, as to demonstrate that the

person responsible actually did not base the decision on such a judgment." *Jackson v.

Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical
> treatment to prisoners, but rather they must provide medical treatment
> that reflects professional judgment, practice, or standards. There is not one
> proper way to practice medicine in a prison, but rather a range of
> acceptable courses based on prevailing standards in the field. A medical
> professional's treatment decisions will be accorded deference unless no
> minimally competent professional would have so responded under those
> circumstances.

*Id.* at 697-698. Negligence, incompetence, or even medical malpractice do not amount to

deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). But at a

certain point, persisting with a course of treatment known to be ineffective becomes

deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Flynn alleges

Dr. Marthakis told him two years ago that he needs to see a specialist, but he still has

not seen one. This complaint states a claim against Dr. Marthakis for compensatory and

punitive damages.

Flynn also seeks injunctive relief. Warden Ron Neal has both the authority and

the responsibility to ensure Flynn is provided with constitutionally adequate medical

care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Flynn will be

granted leave to proceed against him in his official capacity for permanent injunctive

relief.

For these reasons, the court:

(1) GRANTS Aaron Louis Flynn leave to proceed against Dr. Marthakis in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his right testicle in violation of the Eighth Amendment;

(2) GRANTS Aaron Louis Flynn leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment for his right testicle as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Marthakis at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Marthakis and Warden Ron Neal

to respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted

leave to proceed in this screening order.

SO ORDERED on July 20, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4